PUERTO RICO LABOR RELATIONS BOARD, Petitioner, *v.*
ORANGE CRUSH OF PUERTO RICO, INC., Respondent.

No. 80.   Decided November 30, 1962.

*J. B. Fernández Badillo,* Solicitor General, *José Orlando Grau,
Rafael Buscaglia, Jr.,* and *Iván Báez Torres* for petitioner.
*J. Alemañy Sosa* for respondent.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

A salesman of the Orange Crush of Puerto Rico, Inc. was absent from his work because of illness. The collective agreement which governed the labor-management relations established the "right to twelve (12) days annually, of sick leave with pay" which could be accumulated. The agreement further provided that "every employee who does not use the time granted here for sick leave, in whole or in part, shall be entitled to payment equivalent to fifty per cent (50%) of the unused sick leave." As to the wages the agreement provided that "during the effectiveness of this agreement the following wage rates, commissions and per diems shall prevail: 1.—... 2.—... 3.—Salesmen: Salesmen shall receive four and one-half cents ($0.045) for each full case sold...and three cents ($0.03) for each empty case they deliver..." And it further provided that "when due to a fortuitous event, in any regular workweek of six (6) days the salesman and his assistant do not earn at least twenty-nine dollars ($29.00) and twenty-four dollars ($24.00) respectively, THE COMPANY shall adjust the above-established commission rates so that the salesman shall obtain twenty-nine dollars ($29.00) and his assistant twenty-four dollars ($24.00)."

Relying on this latter provision the employer upon computing the compensation for sick leave did so on the basis of a weekly wage of $29, without taking into consideration what the workman had actually received weekly on the basis of the clause establishing the commissions.

A controversy, therefore, arises between the employer and the union as to the interpretation of the agreement and the question of "determining whether upon paying the sick leave compensation to workman Reyes Rivera the employer had to take into consideration the commissions earned pursuant to the agreement and to law was submitted to arbitration." The person appointed to settle the conflict decided that the commissions earned had to be taken into

consideration. Referring to the above-copied provisions concerning wages he maintained that: "These provisions clearly establish the wage rate for salesmen on the basis of commissions per full cases sold and per complete empty cases delivered, or on the basis of $29 weekly, whichever of the two was greater. The fact of establishing a minimum weekly wage of $29 does not mean in any manner whatsoever that that was his weekly wage. It only means a minimum weekly income guarantee for the salesmen and only benefited those whose commissions, for one reason or another, did not reach that amount. Those salesmen whose commissions exceed $29 are not affected by said provision. Insofar as they are concerned said provision does not exist."

■ This interpretation is correct. The wage was established on the basis of commissions. The minimum of $29 is a fixed guarantee. It was, therefore, clear that the compensation for sick leave had to be computed on the basis of what the workman received weekly, whether the minimum of $29 or a greater amount on the basis of the commissions fixed in the agreement. And the Minimum Wage Act provides that "wage" includes any sort of compensation—29 L.P.R.A. § 246h (1961 Supp.).

However, the employer challenges the award on other grounds. It contends that the Grievance Committee established by the agreement was composed of only three members when according to the agreement it should have been five; that "the award in this case is the opinion of one of the five (5) members of the Grievance Committee and not the opinion of the majority of the members of said committee." It further argues that the award is void because the arbitrator decided the complaint after the expiration of the term fixed in the agreement therefor and that the submission is void.

[3, 4] Let us consider first the question that although the agreement establishes a Grievance Committee of 5 members the controversy was submitted to a committee of 3. The employer bases its contention on the fact that "in the

stenographic record made by the stenographer Eulogio Bermúdez Vélez and which was sent to the respondent by Adolfo Collazo...it was stated that at the hearing the parties accepted to submit to the consideration of the third member (designated as such by agreement of the parties) the following agreement of submission." But the truth is that the question was submitted to a committee composed of two representatives of the Employer, Gabriel Borrás, Manager of the Orange Crush and Antonio Medina, two representatives of the Union, Adolfo Martínez and José Mercado and a neutral member, Oscar Lausell Ramos. These facts appear from the transcript of the hearing of arbitration held on Tuesday, October 18, 1960 in the offices of the Orange Crush of Puerto Rico, Inc. Evidently upon certifying the proceedings the stenographer used the term "third member" in its acception of "third" which according to the dictionary of the *Real Academia de la Lengua Española* means: "One who intervenes between two or more persons for the settlement or execution of a thing, whether good or bad."

The Agreement establishes a Grievance Committee in clause V A. It provides:

"A. There shall be a Grievance Committee composed of five (5) members: two (2) designated by the UNION, two (2) designated by THE COMPANY, and the fifth member who shall be an officer of the Department of Labor designated by the Secretary of Labor, at the request of the parties. This Committee shall receive and decide by a majority any complaint, dispute or controversy which might arise between the contracting parties in this Agreement during the effectiveness thereof whether it refers to the stipulations contained in this Agreement and to the interpretations and scope given thereto, or whether it refers to the conduct of the work or to the suspension or discharge of any worker by THE COMPANY."

The employer maintains that the award is the opinion of one of the five members of the Grievance Committee and not the opinion of the majority of the members of said Committee. The record shows that at the hearing held on October

18, 1960, the question was submitted to the consideration of all five members of the Committee.

The workmen, through their representative Mr. Martínez, gave their view in detail and Mr. Borrás, Manager of the Orange Crush stated his points of view. It appears from the record that the views of both parties were in conflict. In considering the matter in the Committee, the fifth member intervened by asking both parties as to their respective contentions. After amply discussing the matter in the Committee the decision of the fifth member in favor of one of the parties actually became the decision of the Committee three to two. It is pertinent to point out that when the employer objected to the decision it in no way complained that the decision was the opinion of a single member of the Committee.

The validity of the award is challenged because it was rendered after the term fixed in the agreement for making such decision had expired. It is unnecessary to consider this question because the award is of such a nature that the fact that the decision was rendered outside the term fixed in the agreement causes no prejudice to the defeated party, particularly when the Committee was never required to render it within the five days stipulated therefor. See *P.R. Labor Relations Board* v. *Corona Brewing Corp.*, 83 P.R.R. 40 (1961).

It is alleged that the submission was void. The employer maintains that since the agreement establishes a Committee of five members to settle complaints such as the one involved herein, it was illegal to submit it to one member alone. In discussing the second error assigned we disposed of the present assignment.

The petition requesting the enforcement of the award of arbitration will be granted.